**Guo Ning WU, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

**No. 02–73829.**

**Agency No. A79–282–025.**

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 17, 2004.*

Decided Feb. 23, 2004.

Emmanuel Enyinwa, Oakland, CA, for Petitioner.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, San Francisco, CA, John C. Cunningham, Patricia K. Buchanan, Washington, DC, for Respondent.

Before FERNANDEZ, W. FLETCHER, and TALLMAN, Circuit Judges.

MEMORANDUM**

Guo Ning Wu, a native and citizen of China, petitions for review of the decision of the Board of Immigration Appeals summarily affirming the immigration judge's ("IJ") order denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture (the "Convention"). We have jurisdiction pursuant to 8 U.S.C. § 1252. We deny the petition.

We review the IJ's factual findings for substantial evidence, and we must uphold the findings unless the evidence compels a contrary result. *Singh v. Ashcroft,* 351 F.3d 435, 442 (9th Cir.2003) (Convention); *Mejia–Paiz v. INS,* 111 F.3d 720, 723 (9th Cir.1997) (adverse credibility).

Substantial evidence supports the IJ's conclusion that Guo Ning Wu did not testify credibly regarding his alleged Falun Gong membership given that he could not identify or explain the movement's governing principles and symbols. *See Mejia–Paiz,* 111 F.3d at 723–24 (upholding adverse credibility finding because petitioner did not prove that he was a Jehovah's Witness). Accordingly, Guo Ning Wu failed to establish eligibility for asylum, or

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** The disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

to satisfy the more stringent standard for withholding of removal. *See id.* at 725.

Substantial evidence also supports the IJ's conclusion that Guo Ning Wu is not entitled to relief under the Convention because he failed to demonstrate that it is more likely than not that he will be tortured if returned to China. *See Malhi v. INS,* 336 F.3d 989, 993 (9th Cir.2003).

**PETITION FOR REVIEW DENIED.**